WILSON, J.,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 38.1 concur in part and dissent in part. I agree with the majority that the chancellor did not err by not awarding 110 South Street attorneys’ fees or additional damages. Atrium does appear to have agreed that it “ha[d] no defenses to the action filed against it by 110 South Street”; however, I concur with the majority that in waiving “defenses to the action,” Atrium did not admit that it was liable for attorneys’ fees or additional damages. The parties subsequently agreed that “the amount, if any, due to 110 South Street” was to be determined at the evidentiary hearing in the chancery court. This was reflected in an agreed order setting the hearing and confirmed at the outset of the hearing. The forbearance agreement was entered into evidence at the hearing; however, 110 South Street did not argue at the hearing that the .forbearance agreement was an admission of liability for attorneys’ fees or specific damages. On the record before us, I agree that the chancellor did not err by declining to read the agreement so broadly. Furthermore, there was no other basis for an award of attorneys’ fees, and the chancellor did not clearly err by (impliedly) finding that Atrium failed to prove the additional damages it sought. Accordingly, I concur in the result reached by the majority with respect to the issues raised in 110 South Street’s appeal.
¶ 39. I dissent with respect to Atrium’s cross-appeal. I agree with the chancellor that the unsigned draft lease agreement is irrelevant, as the record supports the chancellor’s finding that no enforceable written-lease existed. At the hearing in the chancery court, 110 South Street, through Pigott, admitted that the parties orally agreed that Atrium’s obligation to pay rent would not commence until June 15, 2014:
Q. But y’all ultimately agreed that possession would take place on June 15th and the rent would start on that date?'
A. That’s correct.
Q. On the exhibit that’s been marked and entered into evidence here, that was prepared by your attorney there, how long were you collecting rent for on there or that you’re claiming rent for? .
A. June through October.
Q. So that’s Juné 1 through October 31st?
A. I suppose.
*804 Q. So you’re not entitled to rent except from June 15 to October 3; is that correct?
A. No. I think that’s actually not the 1st. It would be the 15th, June 15th through October 15th.
¶ 40. Given Pigott’s admissions, the chancellor erred by finding that Atrium was liable for seven months of rent beginning on April 1, 2014. The record simply does not support a finding that Atrium is liable for more than four months of rent (June 15 to October 15), i.e., $14,000. The chancellor found, and the parties do not dispute, that Atrium had already paid 110 South Street $14,700, for which the chancellor gave Atrium credit. Accordingly, Atrium has paid 110 South Street an amount greater than it orally agreed to pay in rent.
¶41. 110 South Street seems to argue that Atrium is somehow trying to have its cake and eat it too by denying that the unsigned draft lease agreement is enforceable while also insisting that its obligation to pay rent did not commence until June 15. However, Atrium’s position that its obligation to pay rent did not begin until June 15 is not based on any provision of the unsigned agreement. The unsigned agreement called for a sixty-day “construction period” at the outset of the lease, but it did not expressly provide for a rent abatement during that period.[6] In any event, such an abatement period would have differed from the parties’ oral agreement. Pigott testified that the parties’ initial oral agreement was that no rent would be due for forty-five days, which he later agreed to extend to ninety days, and they ultimately agreed that rent would commence on June 15. Thus, Atrium’s position that its obligation to pay rent did not begin until June 15 is not based on the proposed lease agreement that it rejected and refused to sign. Rather, Atrium relies on an undisputed oral agreement to that effect.
¶42. In summary, the record does not support a finding that Atrium owes more in rent than the undisputed amount it has already paid to 110 South Street. Therefore, in Atrium’s cross-appeal, I would reverse and render the award of damages, as well as the lien granted against Atrium’s personal property. Therefore, I respectfully concur in part and dissent in part.
FAIR, J„ JOINS THIS OPINION.

. In fact, another section of the unsigned agreement suggested the opposite. The unsigned agreement stated that if 110 South Street failed to deliver vacant possession of the property on April 1, 2014, rent would abate only until possession was delivered to Atrium.